# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Martin Pliego-Torres,<br><br>Defendant. | Case No. 25-cr-148 (DSD/DTS)<br><br>**REPORT AND RECOMMENDATION** |

The Government filed this one-count Indictment in April 2025, charging Defendant Martin Pliego-Torres with illegal reentry after removal. After Pliego-Torres was released from detention pending trial, Dkt. Nos. 17, 23, he was removed from the United States, Dkt. No. 26. The Government moves to dismiss without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Courts only have discretion to withhold leave in the rarest of cases, *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022), such as "when dismissal is clearly contrary to the manifest public interest," *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001). For a dismissal to be clearly contrary to manifest public interest, "the prosecutor must have had an illegitimate motive rising to the level of bad faith." *Bernard*, 42 F.4th at 909. Here, Pilego-Torres has not objected, *see generally* Docket, and nothing suggests the Government is acting in bad faith. Therefore, the Court recommends the Government's motion to dismiss be granted.

There remains the question of whether the Indictment should be dismissed with or without prejudice. "[I]ndictments are typically dismissed without prejudice under Rule 48(a)." *United States v. Oliver*, No. 16-cr-258, 2017 WL 187142, at *1 (D. Minn. Jan. 17, 2017); *see also United States v. Montoya-Salazar*, No. 23-cr-881, 2023 WL 4456880, at *3 (D. Minn. July 11, 2023) (concluding the "drastic remedy" of dismissal with prejudice was not warranted). There is no reason to deviate from the general rule here. Pliego-Torres has not objected. Nor is there some readily apparent compelling reason to dismiss with prejudice, such as prosecutorial misconduct. Therefore, the Court recommends this action be dismissed without prejudice.

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The Government's Motion to Dismiss (Dkt. No. 26) be GRANTED; and

2. This action be DISMISSED without prejudice.

Dated: August 14, 2025                         s/ David T. Schultz
                                                   DAVID T. SCHULTZ
                                                   United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).